CLARK *v.* PENINSULAR BUILDING & LOAN ASS'N.

MANDAMUS—BUILDING AND LOAN ASSOCIATIONS—STOCKHOLDERS' RIGHT OF SET-OFF.
>   Mandamus is not a remedy available to stockholder of building and loan association to compel association to set unincumbered shares of stock against shares pledged as security for a mortgage loan, under withdrawal right, since the relation of stockholder to the association is a contractual one and plaintiff has another adequate legal remedy.

Appeal from Jackson; Williams (Benjamin), J. Submitted May 29, 1934. (Calendar No. 37,788.) Decided October 1, 1934.

Mandamus by Aaron B. Clark to compel Peninsular Building & Loan Association, a Michigan corporation, to allow unincumbered shares of stock to be set off against a mortgage. Plaintiff reviews denial of the writ by appeal in the nature of certiorari. Affirmed.

*William K. Sagendorph,* for plaintiff.

*Burney E. Brower,* for defendant.

WIEST, J. This is an appeal in the nature of certiorari to review refusal of a writ of mandamus in the circuit court.

Plaintiff pledged 12 shares of his stock in the defendant company as security for a mortgage loan. Later he tendered 12 free shares of the stock to the company and demanded that the free shares, under withdrawal right, be set against the pledged shares and his indebtedness discharged. His de-

mand not being complied with he petitioned the circuit court to issue a writ of mandamus directing the adjustment.

Defendant contends that mandamus will not lie to compel a private corporation to perform contract obligations. If right in this the refusal of the writ must be affirmed.

Private contract rights are not enforceable by mandamus. Plaintiff has remedy without the writ of mandamus.

In *Clarke* v. *Hill,* 132 Mich. 434, mandamus was sought to compel transfer of stock in a private corporation to the relator upon the books of the company. It was there said:

"Mandamus is an extraordinary remedy, and is recognized as such. We have often held that it is inappropriate where there is another adequate remedy in law or in equity; and, as it is never supposed to be issued where there is not a clear legal right, it can hardly rest upon the ground that the right is undisputed. * * * To sustain the jurisdiction contended for would be to make the summary remedy by mandamus the substitute for an action or suit in a large class of cases."

See, also, *Booker* v. *Grand Rapids Medical College,* 156 Mich. 95 (24 L. R. A. [N. S.] 447).

As stated in *Ex parte Rowland,* 104 U. S. 604, 617:

"The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary remedy, may not be done with it. It only lies when there is practically no other remedy."

Even when contract duty is fixed by statute the writ of mandamus is not available if there is other adequate legal remedy.

Denial of the writ is affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.