## BOARD OF COUNTY ROAD COMMISSIONERS OF THE COUNTY OF OAKLAND v STATE HIGHWAY COMMISSION

1. MANDAMUS—CONDITIONS FOR ISSUANCE—RESTRICTED USE—EXTRAORDINARY REMEDY.

    Mandamus is an extraordinary remedy, not to be entertained lightly, and may issue only under limited circumstances; the rule is generally phrased in terms which require that a plaintiff have no adequate remedy at law, thus restricting the use of mandamus to the point where it only lies when there is practically no other remedy; the general principle which governs proceedings by mandamus is that whatever can be done without the employment of that extraordinary remedy may not be done with it.

2. MANDAMUS—CONDITIONS FOR ISSUANCE—RESTRICTED USE—ALTERNATIVE REMEDIES.

    Courts will not permit the use of a writ of mandamus where there is a plain, direct and adequate alternative remedy in law or in equity.

3. MANDAMUS—CONDITIONS FOR ISSUANCE—LEGAL DUTY—LEGAL RIGHT—MINISTERIAL ACTS—DISCRETION.

    Mandamus lies only when there is a clear legal duty incumbent on a defendant and a clear legal right in the plaintiff to the discharge of such duty; the specific act sought to be compelled must be of a ministerial nature which is prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment.

4. HIGHWAYS—NEEDS AND PRIORITIES—STATE HIGHWAY COMMISSION—DISCRETION.

    The determination of what needs are critical or require priority treatment to construct needed roads and highways is a function

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 52 Am Jur 2d, Mandamus §§ 5, 11.

[3] 52 Am Jur 2d, Mandamus § 77.

[4] 39 Am Jur 2d, Highways, Streets, and Bridges § 66.

[5, 7] 52 Am Jur 2d, Mandamus §§ 221, 222.

[6] 52 Am Jur 2d, Mandamus §§ 75, 111, 222.

within the discretionary authority of the state highway commission.

5. MANDAMUS—CONDITIONS FOR ISSUANCE—CLEAR LEGAL DUTY—
   STATE HIGHWAY COMMISSION—DISCRETION.

   The functions of the state highway commission require the exercise of judgment and are not merely ministerial; such acts do not involve a clear legal duty for which a writ of mandamus might issue.

6. MANDAMUS—PUBLIC OFFICERS—PERFORMANCE OF DUTIES—STATU
   TORY MANDATES.

   Mandamus will not be granted to compel public officers to perform a duty assumed by contract, unless mandated by statute.

7. MANDAMUS—CONDITIONS FOR ISSUANCE—HIGHWAYS—CONSTRUC
   TION AND COMPLETION—STATUTES—LEGISLATIVE INTERPRETA
   TION.

   A county has no substantive right to compel immediate construction and completion of a highway by the state under the funding statute for highway projects (MCLA 252.61; MSA 9.1094[11]).

Original action in the Court of Appeals. Submitted October 4, 1977, at Lansing. (Docket No. 24700.) Decided November 9, 1977. Leave to appeal denied, 402 Mich —.

Complaint in the Court of Appeals by the Board of County Road Commissioners of the County of Oakland against the Michigan State Highway Commission, its director and commissioners, for mandamus to compel the programing and completion of a highway pursuant to the terms of a highway construction contract between the parties. Writ denied.

*L. W. McEntee,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Francis J. Carrier,* Assistants Attorney General, for defendant.

Before: D. C. RILEY, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

PER CURIAM. This is an original proceeding in the Court of Appeals pursuant to GCR 1963, 714.1. The Board of County Road Commissioners of Oakland County seeks a judgment of mandamus against the Michigan State Highway Commission and associated personnel, compelling them to forthwith complete the construction of Northwestern Highway in accordance with the terms and conditions of a contract executed by the parties on March 7, 1957. By its own language the contract is to remain in effect for 25 years from that date. On October 1, 1976, this Court issued an order directing defendants to show cause why the relief sought in plaintiff's complaint should not be granted.

To finance construction of the 37.8-mile highway, the State Highway Commissioner sold tax bonds worth $25,000,000 at public sale on April 9, 1957, pursuant to MCLA 252.61; MSA 9.1094(11). In order to complete the financing, the Oakland County Board of Road Commissioners agreed to share the costs of construction. Each year the county, carrying out the terms of the 1957 contract, has contributed $90,000 to the construction fund from its share of state taxes on motor vehicle fuels.

By 1962, a 5.5-mile segment of the highway, extending from the north end of James Couzens Highway in the City of Detroit northwesterly to Telegraph Road (U.S. 24), had been constructed. Most of the proceeds derived from the sale of the bonds was expended in this construction, despite the original expectation that the entire highway could be constructed for $37,000,000. By this action for mandamus plaintiff asks the Court to

order the state highway commission to complete the remainder of the highway forthwith.

The primary issue confronting the Court is the propriety of a writ of mandamus in this situation. Mandamus is an extraordinary remedy, not to be entertained lightly. It may issue only under limited circumstances. *Dettore v Brighton Township,* 58 Mich App 652; 228 NW2d 508 (1975). Though the rule is generally phrased in terms which require that plaintiff have no adequate remedy at law, *Hunt v State Highway Commissioner,* 350 Mich 309; 86 NW2d 345 (1957), the actual rule severely restricts the use of mandamus. "The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary remedy may not be done with it. It only lies when there is practically no other remedy." *Ex parte Rowland,* 104 US 604, 617; 26 L Ed 861 (1881).

In Michigan, *Clarke v Hill,* 132 Mich 434; 93 NW 1044 (1903), contains a complete recital of the rule.

"*Mandamus* is an extraordinary remedy, and is recognized as such. We have often held that it is inappropriate where there is another adequate remedy *in law or in equity;* and, as it is never supposed to be issued where there is not a clear legal right, it can hardly rest upon the ground that the right is undisputed. * * * To sustain the jurisdiction contended for would be to make the summary remedy by *mandamus* the substitute for an action or suit in a large class of cases." 132 Mich at 435–436. (Emphasis supplied.)

See, also, *Booker v Grand Rapids Medical College,* 156 Mich 95; 120 NW 589 (1909), and *Clark v Peninsular Building and Loan Association,* 268 Mich 584; 256 NW 556 (1934).

The Board of County Road Commissioners has adequate remedies, both legal and equitable. If plaintiff wants some of the money it raised for the highway returned to it but is satisfied not to have the highway completed, it may sue for damages in the Court of Claims. If plaintiff wishes the highway completed, it may file a suit for specific enforcement of the contract. When there is a plain, direct and adequate alternative remedy, courts will not permit the use of a writ of mandamus. *Coffin v Board of Education of Detroit,* 114 Mich 342; 72 NW 156 (1897). Because plaintiff here has such alternative remedies, the issuance of the writ is inappropriate.

Even were we to concede that plaintiff lacked adequate alternative remedies, we would still be forced to conclude that mandamus is improper in this case. Mandamus lies only when there is a clear legal duty incumbent on the defendant and a clear legal right in the plaintiff to the discharge of such duty. *Miller v Detroit,* 250 Mich 633; 230 NW 936 (1930). The specific act sought to be compelled must be of a ministerial nature, that is, prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment.[1] *Taylor v Ottawa Circuit Judge,* 343 Mich 440; 72 NW2d 146 (1955), *Bills v Grand Blanc Township,* 59 Mich App 619; 229 NW2d 871 (1975), *State Board of Education v Garden City School District,* 62 Mich App 376; 233 NW2d 547 (1975).

---

[1] In certain instances mandamus will lie though the action sought to be compelled is discretionary. A court can order a public officer to carry out acts of a ministerial nature despite the fact that they require a measure of discretion. Cf. cases cited in *Lundberg v Corrections Commission,* 57 Mich App 327, 329; 225 NW2d 752 (1975). Mandamus also lies if public officers have acted arbitrarily and unjustly and have abused their discretion. *Arizona State Highway Commission v Superior Court of Maricopa County,* 81 Ariz 74; 299 P2d 783 (1956). Neither of these circumstances is here present.

We cannot find that the act here at issue leaves nothing to the exercise of discretion or judgment. The extensive powers and duties of the state highway commission, contained in MCLA 247.807; MSA 9.216(7), necessitate the continual use of discretion and judgment.

Oklahoma's Supreme Court, in a case factually similar to this, considered the nature of a state highway commission's functions. In *Board of Commissioners of Harmon County v State Highway Commission,* 163 Okla 207; 23 P2d 681 (1933), bonds worth $75,000 had been issued to furnish part of the funds to construct a road. After part of the road was built along the designated route, the Federal Bureau of Highways demanded that the remainder be built on a route north of the original route. Because noncompliance would have resulted in the loss of Federal funding, the state highway commission complied. The county board of commissioners sued for specific performance of the contract and for an injunction prohibiting construction along the new route, or, in the alternative, to have its $75,000 returned.

The Oklahoma court held that plaintiff was not entitled to specific performance of the contract. In so holding, the court relied upon the fact that, in spite of the contractual duty the highway commission had undertaken, its functions still involved a measure of discretion which could not be relinquished.

"While the state highway commission could by contract create a duty to plaintiff, the state highway commission could not contract away to plaintiff its discretion in reference to the discharge of its duties to the remaining citizenship of the state. * * * The state highway commission has the discretion in the first instance to determine as to the location and improve-

ment of highways. It has the right to determine that it will construct a certain highway, or that it will not. If it concludes to build a certain highway, and before doing so there arises or intervenes a duty to the state as a whole, or an emergency, or change in conditions, or circumstances of such serious proportions as is disclosed by the record in this case, surely the state highway commission must be accorded the right to postpone, or if reasonably and in good faith deemed necessary, to abandon such project, even though a promise may have been made to a board of county commissioners to complete such project." 23 P2d at 684–685.

In a later case, *Board of Commissioners of Canadian County v State Highway Commission,* 176 Okla 207; 55 P2d 106 (1936), the Oklahoma court, relying on the decision in *Harmon County,* held that the highway commission could not be required by mandamus to construct a highway which it may justifiably refuse to construct. Again, the court based its holding on the state highway commission's right to exercise discretion. While the commission's action was contrary to its contractual duty, it was in keeping with its paramount duty to the state as a whole.

The fiscal ability to construct needed roads and highways in Michigan is limited. As the Oklahoma court has recognized, determination of what needs are critical or require priority treatment is a function within the discretionary authority of the state highway commission, provisions of lawful contracts notwithstanding.

Michigan is not without cases analogous to this. In *Stephenson v The Common Council of the City of Detroit,* 213 Mich 668; 181 NW 1001 (1921), our Supreme Court refused to affirm the issuance of a writ of mandamus when the acts of the municipal officials which plaintiff sought to compel were held to be discretionary. "The duties of the officers of

the city are quasi-judicial or in a sense legislative. Judgment and discretion are to be used. These duties will not be controlled by mandamus." See, also, *Toan v McGinn,* 271 Mich 28; 260 NW 108 (1935), and *Taylor v Ottawa Circuit Judge, supra.*

The duties of the state highway commission are comparable to the duties of the city officers in *Stephenson.* The commission must utilize judgment in exercising its functions; it possesses the discretion to decide if and how, in the best interests of the state, it will perform. Plaintiff board seeks to compel an act which is not of a mere ministerial nature. Consequently, defendant does not have the type of clear legal duty it must have if the writ is to issue.

Nor does plaintiff have the clear legal right to performance which mandamus requires. We note first that mandamus will not be granted to compel public officers to perform a duty assumed by contract, unless mandated by statute. 52 Am Jur 2d, Mandamus, § 75, p 397, *Miller v Imperial Water Co,* 156 Cal 27; 103 P 227 (1909), *Clark v Peninsular Building and Loan Association, supra.*

The statutes on which the board of county road commissioners bases its right to have Northwestern Highway completed are inadequate grounds on which to issue a writ of mandamus. The board contends that because the bonds were sold pursuant to MCLA 252.61; MSA 9.1094(11), it has the right to immediate completion of the highway. That statute says in part:

"For the purpose of providing funds for the *immediate construction and completion* of the project or projects contemplated by said contract or contracts, either the state highway commissioner or any county, city or village that is a party to such contract or contracts is

authorized to borrow money and issue its negotiable dedicated tax bonds * * * ." (Emphasis supplied.)

Aside from the problem of whether the word "immediate" modifies only "construction" or both that word and "completion", there is nothing in the statute which suggests that it was intended to give the county any substantive right to "immediate construction and completion" as against the state. Rather, the statute addresses itself to the right to borrow money and issue bonds. This Court cannot give a statute an interpretation never intended by the Legislature.

The board of county road commissioners also relies upon MCLA 247.661a; MSA 9.1097(11a) which directs that any additional monies in the state trunk line fund arising from the 1973 increase in fuel taxes shall be used first for the construction or reconstruction or the payment of bonds for several enumerated highways. The segment of Northwestern Highway not yet completed is one of many listed. Again, we find no language in the statute which even implies that it was intended to give the board of county road commissioners any substantive right to compel the state highway commission to forthwith complete Northwestern Highway.

Mandamus is not the proper remedy in this case: the board of road commissioners has adequate alternative remedies.[2] Moreover, mandamus

---

[2] We are not presented with a precise claim for specific performance in this case but, in effect, that is what plaintiff seeks—and we reject—in this suit for mandamus. The inherent discretionary nature of the state highway commission's functions as discussed in the body of the opinion is the basis for not allowing specific performance of the contract. This was the basis on which the Oklahoma court rejected plaintiff's claim for specific performance in *Board of Commissioners of Harmon County v State Highway Commission, supra.* There the court held the highway commission could not sacrifice the state's paramount interests to those of the county board of road commissioners

will not lie to compel a discretionary act, such as the decision by the state highway commission to construct a highway. No "clear legal duty" to finish the highway devolves upon defendant. Plaintiff board possesses no "clear legal right" to compel the state highway commission to complete Northwestern Highway forthwith. The writ of mandamus is denied.

with whom the highway commission had contracted. *See, also, Jackson v State Highway Department,* 164 Ga 434; 138 SE 847 (1927), and *State of Missouri ex rel State Highway Commission v Hammel,* 372 SW2d 852 (Mo, 1963).

In *Harmon County,* after rejecting the claim for specific performance, the court considered the question of reimbursement of the $75,000 plaintiff county had paid to the defendant highway commission. It was decided that the fairest solution would be to remand for a determination of what had been paid, but not used, for that part of the originally designated highway which had been abandoned. That amount would be refunded to the county. In the present case, a determination of damages in accord with the method specified in *Harmon* is a fair and feasible solution.