JOHNSTON v MID-MICHIGAN TELEPHONE CORPORATION

Docket No. 45241. Submitted December 12, 1979, at Lansing.—Decided February 6, 1980. Leave to appeal denied, 409 Mich 860.

Lynn Johnston refused to pay that portion of her monthly telephone bill attributable to Federal and state excise taxes and the Mid-Michigan Telephone Corporation discontinued her service. Johnston brought an action against Mid-Michigan seeking an order of mandamus requiring Mid-Michigan to restore her telephone service. The Livingston Circuit Court, Paul R. Mahinske, J., granted motions by the defendant for summary judgment for failure to state a claim upon which relief can be granted and for accelerated judgment for lack of subject-matter jurisdiction. The complaint was dismissed. Plaintiff appeals. *Held:*

1. The circuit court did have jurisdiction over the subject matter. An action against a public utility may be heard in the circuit court where the action is one in tort, and in this case the plaintiff's complaint asserted that the defendant wrongfully refused to restore her telephone service.

2. Mandamus is not a proper remedy in this case. The plaintiff has the alternative remedy of paying the entire telephone bill and then bringing an action for the recovery of the disputed portions.

Affirmed.

1. COURTS — CIRCUIT COURTS — JURISDICTION — PUBLIC UTILITIES — TORTS.

A circuit court has jurisdiction over an action against a public utility where the plaintiff's complaint is one sounding in tort setting forth facts which would constitute tortious conduct to the injury and damage of the plaintiff.

2. MANDAMUS — PUBLIC SERVICE CORPORATIONS.

A public service corporation may, in certain circumstances, be subject to mandamus.

REFERENCES FOR POINTS IN HEADNOTES

[1] 64 Am Jur 2d, Public Utilities § 15.
[2] 52 Am Jur 2d, Mandamus § 108.
[3] 52 Am Jur 2d, Mandamus § 5.

3. Mandamus — Limited Application — Alternative Remedies.
   Mandamus is an extraordinary remedy which may issue only
   under limited circumstances; where there is a plain, direct and
   adequate alternative remedy mandamus is inappropriate.

Lynn Johnston, *in propria persona.*

*Foster, Swift, Collins & Coey, P.C.* (by *William K. Fahey),* for defendant.

Before: T. M. Burns, P.J., and J. H. Gillis and Bashara, JJ.

J. H. Gillis, J. Plaintiff appeals by right a Livingston County Circuit Court judgment of dismissal granting defendant's motions for summary judgment for failure to state a claim upon which relief can be granted, GCR 1963, 117.2(1), and for accelerated judgment on the ground that the circuit court lacked jurisdiction of the subject matter of plaintiff's complaint, GCR 1963, 116.1(2).

Plaintiff resides in an area of Livingston County in which defendant, Mid-Michigan Telephone Corporation, has been granted an exclusive telephone service franchise by the Michigan Public Service Commission. On August 18, 1976, plaintiff notified defendant of her intention to withhold payment of that portion of her monthly telephone bill attributable to Federal and state excise taxes. Defendant notified plaintiff that it would apply her $50 security deposit to all unpaid portions of her monthly bills and when the deposit was exhausted plaintiff's service would be disconnected. On December 18, 1976, after plaintiff's delinquency in payment of her telephone bill exceeded the amount of the

deposit,[1] defendant disconnected plaintiff's telephone service.

In April, 1977, plaintiff made a written request for reconnection of her telephone service and tendered the required reconnection fee. Defendant refused to honor plaintiff's request upon being advised that plaintiff intended to continue in her refusal to pay the Federal and state taxes.

On June 30, 1978, plaintiff filed her original complaint in Livingston County Circuit Court seeking an order prohibiting defendant from denying her telephone service and further seeking damages for injuries suffered as a result of defendant's assertedly unlawful action in terminating her telephone service.

On July 28, 1978, defendant moved for summary and accelerated judgment, urging that plaintiff failed to state a claim upon which relief could be granted and that the circuit court lacked jurisdiction of the subject matter. In an order dated August 18, 1978, plaintiff's claim for injunctive relief was dismissed[2] and the remainder of the claim was remanded to the district court.

In the district court, defendant again moved for accelerated judgment. On November 8, 1978, the district court dismissed plaintiff's complaint without prejudice for the reason that it possessed no jurisdiction over the matters pleaded therein. Primary jurisdiction of such matters was deemed as lying with the Public Service Commission. No appeal was taken from the district court's order of dismissal. Plaintiff thereafter sought relief from

---

[1] The accumulated delinquent account was due not only to nonpayment of Federal and state taxes but was in addition due to nonpayment of the telephone service portion of plaintiff's account.

[2] After careful examination of the lower court file, we are unable to discern the reason underlying the circuit court's order of dismissal of plaintiff's claim for injunctive relief.

the commission but was advised that the commission had no jurisdiction to consider the validity or amount of the excise taxes.

On April 11, 1979, plaintiff filed the present action in Livingston County Circuit Court. The subject matter of the instant complaint was substantially identical to that of her earlier complaint. Plaintiff sought as relief a writ of mandamus ordering defendant to reconnect her telephone service. On April 30, 1979, defendant moved for summary and accelerated judgment on the same bases as earlier proffered in the circuit court. On May 14, 1979, the circuit court granted defendant's motions and dismissed plaintiff's complaint with prejudice. From this decision, plaintiff appeals as of right. GCR 1963, 806.1.

We first address the question of the propriety of the circuit court's grant of accelerated judgment in favor of the defendant on the ground that it lacked jurisdiction of the subject matter.

With respect to actions against public utilities the Court in *Valentine v Michigan Bell Telephone Co,* 388 Mich 19, 30; 199 NW2d 182 (1972), stated:

"[A] claim in tort that sets forth facts which would constitute tortious conduct to the injury and damage of the claimant can also be filed in a court of general jurisdiction."

The resolution of the question presented is dependent on the characterization of plaintiff's claim. Contrary to defendant's contention that plaintiff's claim constituted a direct attack on the validity of the taxes, we find that the gist of plaintiff's complaint is the assertion that the defendant acted wrongfully in refusing to restore her telephone service. Such a complaint sets forth a claim sounding in tort. See *Harbaugh v Citizens Telephone Co,*

190 Mich 421; 157 NW 32 (1916), and *Muskegon Agency, Inc v General Telephone Co of Michigan,* 340 Mich 472; 65 NW2d 748 (1954). Accordingly, plaintiff's action was properly brought in circuit court. The trial judge incorrectly concluded that the circuit court lacked jurisdiction.

Our conclusion with respect to the jurisdictional issue, however, is not dispositive of the cause.

An examination of plaintiff's complaint discloses that she seeks as relief a judgment of mandamus compelling defendant to restore her telephone service.[3] While, in a proper case, a public service corporation may be subject to mandamus pursuant to the terms of GCR 1963, 714.1(2), *Mahan v Michigan Telephone Co,* 132 Mich 242, 248; 93 NW 629 (1903), 12 McQuillin, Municipal Corporations (3d ed, 1970), § 34.194, pp 386-387, we find that the present case is not an appropriate one.

Mandamus is an extraordinary remedy which may issue only under limited circumstances. *Dettore v Brighton Twp,* 58 Mich App 652, 655; 228 NW2d 508 (1975).

"The general principle which governs proceedings by *mandamus* is, that whatever can be done without the employment of that extraordinary remedy, may not be done with it. It only lies when there is practically no other remedy." *Ex parte Rowland,* 104 US 604, 617; 26 L Ed 861 (1882).

When there is a plain, direct and adequate alternative remedy, courts will not permit the use of a writ of mandamus. *Coffin v Board of Education of*

---

[3] Plaintiff in her original complaint sought as relief compensatory and punitive damages. She, however, failed to appeal the district court's judgment of dismissal. Furthermore, she has not requested such relief in the instant action. Accordingly, we do not address the issue of her right, if any, to such relief.

*Detroit,* 114 Mich 342; 72 NW 156 (1897), *Oakland County Board of Road Commissioners v State Highway Comm,* 79 Mich App 505, 508-509; 261 NW2d 329 (1977).

Plaintiff here has an adequate alternative remedy. If she wants her telephone service restored while she continues to challenge the validity of the taxes, she can pay her entire telephone bill, including the amount attributable to the challenged taxes, and then institute an action or actions for their recovery.[4] Because plaintiff here has an alternative remedy, the issuance of the writ is inappropriate. The circuit court's grant of summary judgment was not reversibly erroneous.[5]

Mandamus is not the proper remedy in this case. The circuit court's judgment of dismissal is affirmed. Costs to appellee.

---

[4] Subsequent to taking this appeal, plaintiff tendered to defendant a security deposit of $100 and requested that her telephone service be reinstalled. Defendant accepted the deposit and reinstalled plaintiff's service. As of August 9, 1979, plaintiff was receiving telephone service from the defendant. This state of affairs does not preclude this Court from considering the merits of plaintiff's appeal.

Plaintiff continues to refuse to pay the disputed taxes. Upon her outstanding balance reaching the amount of her security deposit, $100, it appears that her telephone service will again be disconnected. Due to the continuing pertinence of the issues raised, we have addressed and decided them.

[5] It appears from an examination of the circuit court file that summary judgment was granted pursuant to GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted. Summary judgment on this basis was improper. Plaintiff's complaint does state a claim upon which relief can be granted. The sole requested relief, however, is inappropriate. In such a case, we find that accelerated judgment pursuant to GCR 1963, 116 is appropriate. See, generally, 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed) (1979 Supp), p 140.