WARBER v MOORE

Docket No. 63774. Submitted January 4, 1983, at Grand Rapids.—
   Decided July 6, 1983.

   Warren H. Warber and his wife purchased several lots at Spring
      Lake in Ottawa County in 1965. They also acquired a one-
      seventh interest in an easement, approximately 20 feet wide,
      which adjoins the Warbers' lots and which they have used for
      several years to gain access to one of their lots. In 1976, Bruce
      Moore and his wife purchased lakefront lots on the other side
      of the easement from the Warbers' lots. An unimproved "two-
      track" right-of-way named Bayou Lane intersected the War-
      bers' easement and ran adjacent to their lots. Bayou Lane had
      been dedicated as a public road when the plat was recorded in
      1923. The Moores built a lakefront residence, relying on Bayou
      Lane as the sole means of access to their residence. At the
      time, the only evidence of use along the Warbers' 20-foot
      easement was a small path along the southern edge. At the
      center of the easement, at the intersection of the easement and
      Bayou Lane, there was a relatively deep gully or ravine which
      rendered Bayou Lane impassable and hazardous as a means of
      access to the Moores' residence during the winter months.
      Bruce Moore applied to the Ottawa County Road Commission
      for a permit to construct and maintain a gravel drive along
      Bayou Lane. The commission issued a permit subject to certain
      conditions, including a proviso that Bayou Lane remain open to
      any person or utility having a need to the right-of-way. The
      permit failed to mention or set any grade for the proposed
      improved condition of Bayou Lane. Moore added several feet of
      gravel to fill the ravine at the intersection of Bayou Lane and
      the easement, resulting in the grade along the east 28 feet of
      the easement being increased from about 14% to about 28%.
      Bayou Lane's grade was reduced appreciably, and the road
      became sufficiently passable to enable Moore to use it regularly
      as an access to his residence. Warren Warber filed suit against

Bruce Moore in Ottawa Circuit Court seeking a court order to have Moore remove the improvement. The trial court, James E. Townsend, J., found that Moore's actions materially changed the grade of Bayou Lane and that the change effectively prevented Warber's reasonable access between Boyou Lane and the easement for the passage of vehicles, equipment and boats. The court held that Moore had unlawfully changed the grade of a public road, an act which only the road commission had authority to do. The court proposed that the commission become involved in fashioning a remedy, suggesting that if the means proposed by the commission were not agreeable to the parties, then the trial court would direct the action to be taken. The commission neglected to aid the parties in fashioning a remedy, and the trial court granted Warber's motion to join the commission as a necessary party defendant. Following hearings at which a commission engineer testified, the trial court concluded that no feasible compromise or alternative had been presented and ordered Moore to restore Bayou Lane to its original grade. Judgment was entered, James E. Townsend, J. Moore moved for a new trial and alleged that the trial court had failed to address his petition for mandamus against the road commission. The court issued a final opinion, ruling that the establishment of a grade for Bayou Lane was discretionary in nature and not subject to mandamus. Moore appeals. *Held:*

1. The commission in granting the permit, acknowledging the need for improvement of Bayou Lane to render it safe and passable, and submitting testimony recommending that the improvement be left unchanged, assumed a duty to establish a grade on Bayou Lane. Therefore, the establishment of a grade under the circumstances is a proper subject for a writ of mandamus.

2. Moore has no alternative remedies available, and the commission's assertion that Moore has failed to exhaust administrative proceedings is without merit. The trial court erred in failing to issue a writ of mandamus requiring the commission to formally establish a grade for Bayou Lane.

3. The trial court should not have ordered defendant Moore to remove the improvement to Bayou Lane absent a determination by the commission as to the proper grade for that roadway. On remand, the court shall issue a writ of mandamus requiring the commission to determine the proper grade for Bayou Lane. The court's remedy in the present action may then be based upon its undisputed finding that the improvement interfered with plaintiff's legitimate use of the adjoining easement, consis-

tent with the commission's determination of the proper grade for Bayou Lane.

Reversed and remanded.

1. Mandamus — Equity.

Mandamus is available only where there is a legal duty incumbent upon a public agency, the person seeking mandamus has a clear right to the discharge of such a duty, and the person · seeking mandamus has no alternative remedy available.

2. Mandamus — Public Officers.

A public officer is in duty bound to exercise the judgment or discretion which is reposed in him by law; if he fails or refuses to do so, and does not act upon the subject or pass upon the question on which such judgment or discretion is to be exercised, the writ of mandamus may be used to enforce obedience to the law.

3. Mandamus — County Road Commission — Highways — Establishment of Grade.

A county road commission, in granting a permit to a property owner to construct and maintain a gravel drive upon a dedicated but rarely used public road, in acknowledging the need for improvement to the road to make it safe and passable, and in submitting testimony recommending that the improvement be left unchanged, assumed a duty to establish a grade on the road and became subject to the issuance of a writ of mandamus compelling it to establish such a grade.

*Bussard & Sielski* (by *James W. Bussard*), for Warren H. Warber.

*Dalman, Murphy, Bidol & Bouwens, P.C.* (by *James A. Bidol* and *Jeffrey K. Helder*), for Ottawa County Road Commission.

*O'Toole, Stevens, Johnson, Knowlton, Potter & Rolf* (by *Harold M. Street,* of counsel), for defendant.

Before: MacKenzie, P.J., and R. B. Burns and E. A. Quinnell,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

R. B. BURNS, J. Defendant Bruce Moore appeals the trial court's order enjoining him to remove improvements to his driveway which obstruct his neighbor's adjacent easement. Defendant seeks reversal of the trial court's order denying his request for a writ of mandamus against the Ottawa County Road Commission.

In 1965, plaintiff Warren Warber and his wife purchased several lots in Spring Lake Township, Ottawa County. Adjoining plaintiff's lots is an unnamed easement, approximately 20 feet wide, which plaintiff has used for several years to gain access to one of his lots which abuts Spring Lake. Plaintiff acquired an undivided one-seventh interest in this easement when he purchased the lots. Others have occasionally used the easement.

Intersecting the easement and adjacent to plaintiff's lots was an unimproved "two-track" right-of-way called Bayou Lane, which had been dedicated as a public road when the plat was recorded in 1923. The two-track feature of Bayou Lane is evidence that it had been used at least occasionally over the years. The intersection of plaintiff's easement and Bayou Lane is the focal point of this case.

In 1976, defendant Bruce Moore and his wife purchased the lakefront lots on the other side of the easement. Defendant built a lakefront residence, relying on Bayou Lane as the sole means of access to the residence. When Moore bought his lot, the only evidence of use along plaintiff's 20-foot easement was a small path along its southern edge. At the center of the easement, at the intersection of the easement and Bayou Lane, there was a relatively deep gully or ravine which rendered Bayou Lane impassable and hazardous as a means of access to defendant's residence during the winter months.

Moore applied to the Ottawa County Road Commission (hereinafter "commission") for a permit to "construct and maintain [a] gravel drive along Bayou Lane". Exercising its jurisdiction over Bayou Lane as a dedicated public right-of-way, the commission issued a permit subject to certain conditions, including the proviso that Bayou Lane "remain open to any person or utility having a need to this right-of-way". Significantly, the commission's permit failed to mention or set any grade for the propsed improved condition of Bayou Lane.

Moore proceeded to add several feet of gravel to fill the ravine at the intersection of Bayou Lane and the easement. The result was that the grade along the east 28 feet of the easement was increased from about 14% to about 28%. Bayou Lane's grade was reduced appreciably, and the road became sufficiently passable to enable Moore to use it regularly as an access to his residence.

Plaintiff filed this action to have Moore remove the improvement. No other neighbors who had previously used the easement joined in this action.

Trial was held May 2, 1978. The trial court found that defendant's actions materially changed the grade of Bayou Lane and that this change effectively prevented plaintiff's reasonable access between Bayou Lane and the easement for the passage of vehicles, equipment and boats. The trial court held that defendant had unlawfully changed the grade of a public road, an act which only the commission had authority to do. The trial court proposed that the commission become involved in fashioning a remedy, suggesting that if the means proposed by the commission were not agreeable to the parties, then the trial court would direct the action to be taken.

It became apparent by March 31, 1980, that the

commission was not going to aid the parties in fashioning a remedy. The trial court granted plaintiff's motion to join the commission as a necessary party defendant on April 22, 1980.

Following hearings at which a commission engineer testified, the trial court concluded that no feasible compromise or alternative had been presented and ordered defendant to restore Bayou Lane to its original grade. Judgment was entered April 20, 1981.

Defendant moved for a new trial and alleged that the trial court failed to address his petition for mandamus. On February 3, 1982, the trial court issued its final opinion in this matter, ruling that the establishment of a grade for Bayou Lane was "discretionary in nature" and not subject to mandamus.

This case presents the unusual question of whether a party who has made an improvement to a public roadway in reliance upon a permit secured in good faith from a county road commission may subsequently be enjoined to remove that improvement where (1) the commission's engineers acknowledged that an improvement was necessary to eliminate a safety hazard inherent in the original condition of the roadway, (2) the commission's permit failed to formally establish a grade for the improved roadway, and (3) the grade of the improvement has the effect of blocking an abutting easement owner's access to the roadway. Underlying this dispute is the more fundamental question of whether, under the circumstances, the commission can be compelled by a writ of mandamus to establish at least some grade for the roadway.

We note at the outset that mandamus is available only where there is a legal duty incumbent upon a public agency, the person seeking manda-

mus has a clear right to the discharge of such a duty, and the person seeking mandamus has no alternative remedy available. *Bd of County Road Comm'rs of Oakland County v State Highway Comm,* 79 Mich App 505; 261 NW2d 329 (1977).

Both the trial court and the commission have relied heavily on *Bd of County Road Comm'rs of Oakland County, supra,* for the proposition that, because the commission's decision whether or not to set a grade for a public highway is "discretionary" in nature, mandamus is inappropriate. We believe that such reliance is misplaced. That case rejected an attempt to require the State Highway Commission to complete the construction of Northwestern Highway in Oakland County—a project which the State Highway Commission had undertaken pursuant to a contract executed by the parties to that case. There, the party seeking mandamus sought to require the State Highway Commission and its officers not only to exercise its discretion, but to do so in a particular way (namely, completing the project even though funds for construction had run out due to cost overruns). This Court held that mandamus should be unavailable for three reasons. First, this Court observed that the State Highway Commission had no clear legal duty to exercise its discretion in a particular way. Second, the Court stated that mandamus should not be available to compel public officers to perform a duty assumed by contract. Finally, the Court found mandamus inappropriate anyway because an alternative remedy was available, *i.e.,* a suit for specific performance of the parties' contract governing the Northwestern Highway project. 79 Mich App 507-509, 512.

Contrast the present case, where defendant has merely asked the trial court to require *some* exer-

cise of discretion, namely, the formal establishment of a grade for Bayou Lane which the commission would deem safe and appropriate and upon which the parties could rely in resolving this dispute. Defendant has not asked the trial court to compel a particular outcome, such as the establishment of a particular grade. Defendant does not even seek an order requiring the commission to approve defendant's improvement, even though the improvement was made pursuant to the commission's permit. All that defendant requests is some conclusive and final exercise of discretion on the part of the commission in setting a grade for Bayou Lane.

While neither plaintiff nor the commission cite any case authority for the proposition, we will assume *arguendo* that the establishment of a particular grade on a public highway is a discretionary act not subject to a writ of mandamus. However, although "[t]he opening up of new streets and highways is a matter which is generally left to the discretion and judgment of the proper officials, * * * *mandamus will issue to compel the public authorities to proceed to exercise the discretion* vested in them [even though] it will not be granted to control or alter their decision in the matter * * *". 52 Am Jur 2d, § 221, pp 549-550. (Emphasis added; footnotes omitted.) See also 52 Am Jur 2d, § 77, pp 398-399, which states the following established principle:

"A public officer is in duty bound to exercise the judgment or discretion which is reposed in him by law. If he fails or refuses to do so, and does not act upon the subject or pass upon the question on which such judgment or discretion is to be exercised, then the writ of mandamus may be used to enforce obedience to the law. *In other words, when in matters involving discretion*

*the respondent refuses to act at all, mandamus may
issue to move him to action and to exercise his discre-
tion in the matter. * * * The relator in such cases
merely asks that the respondent make a decision one
way or the other. He does not seek to use the writ to
compel or control a decision in any particular way
* * *.*" (Emphasis added; footnotes omitted.)

No party here points to any Michigan cases adopt-
ing the foregoing principle and no cases applying
this principle have been decided under GCR 1963,
710.1(1) or GCR 1963, 714, governing the issuance
of writs of mandamus. However, we find no reason
to question the applicability of the foregoing prin-
ciple in cases such as the present one where the
public agency involved (the highway commission)
has issued a permit for an improvement to a
public roadway, thereby asserting its jurisdiction
over that roadway, yet flatly refuses to exercise its
discretion regarding at least one crucial aspect of
the improvement to the roadway, namely, the
establishment of the grade which would result
from the improvement and which would render
the improvement safe and appropriate.

The commission has undertaken a duty to exer-
cise its discretion in the instant case by taking
steps which not only acknowledge its jurisdiction
over Bayou Lane but also express its willingness to
supervise defendant's improvement. These steps
included the issuance of a permit, the submission
of a report to the trial court acknowledging the
need for defendant's improvement in order to
render Bayou Lane safe and passable, and submis-
sion of testimony describing the commission's re-
port to the trial court as a "recommendation" that
defendant's improvement be left unchanged and
that additional work be done on the area to re-
store plaintiff's access from his easement. This

conclusion finds support in the language of MCL 41.271; MSA 9.571 and MCL 41.272; MSA 9.572, which provide that whenever a board of county road commissioners receive an application for pavement or sidewalk on a public highway, the commission will establish grades and inspect the site to assure compliance with the commission's established specifications. Although defendant Moore in the present case only sought to construct and maintain a gravel drive, we believe that the commission, in granting the permit, acknowledging the need for improvement of Bayou Lane to render it safe and passable, and submitting testimony recommending that the improvement be left unchanged, assumed a duty to establish a grade on Bayou Lane. Accordingly, the establishment of a grade under the circumstances is a proper subject for a writ of mandamus.

We further find that defendant Moore has no alternative remedies available. This is not a situation like that in *Bd of County Road Comm'rs of Oakland County, supra,* where the party seeking mandamus had a cognizable alternative remedy at law such as an action on a contract. In the proceedings before the trial court, the commission acknowledged the necessity of Moore's improvement and that Bayou Lane's original condition presented a hazard.

Furthermore, the commission's assertion that Moore has failed to exhaust administrative proceedings under MCL 41.271; MSA 9.571 is without merit in light of the fact that Moore has already applied for a permit to improve Bayou Lane and the commission has granted the application. Thus, Moore is without any alternative remedy at law or in equity which would bar his request for mandamus. Thus, the trial court erred in failing to issue

a writ of mandamus requiring the commission to formally establish a grade for Bayou Lane. The equities add weight to Moore's argument for relief from the trial court's order requiring him to remove the fill. He improved Bayou Lane in reliance upon the commission's permit, and Bayou Lane was dedicated on the plat as a public road more than 30 years before plaintiff purchased his lots.

The trial court should not have ordered defendant Moore to remove the improvement to Bayou Lane absent a determination by the commission as to the proper grade for that roadway. On remand, the trial court shall issue a writ of mandamus requiring the commission to determine the proper grade for Bayou Lane. The trial court's remedy in the present action may then be based upon its undisputed finding that the improvement interfered with plaintiff's legitimate use of the adjoining easement, consistent with the commission's determination of the proper grade for Bayou Lane.

Reversed and remanded. No costs, a public question.