# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY PARLOVECCHIO,

Defendant-Appellant.

FOR PUBLICATION
April 4, 2017
9:05 a.m.

No. 333590
Wayne Circuit Court
LC No. 15-008982-01-AR

Before: M. J. KELLY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by leave granted the circuit court's reversal of the district court decision granting defendant's motion to dismiss a grand jury indictment. We reverse.

Defendant, as the president of Parlovecchio Building Company, Inc, entered into an agreement with the Wayne County Building Authority ("WCBA"), to act as project manager or "Owner's Representative" ("OR") for the Wayne County Jail Project ("Project"). The Project was never completed, and a number of individuals, including defendant, were indicted for various roles they played in the failure of the project. Defendant's indictment for willful neglect of duty as a public employee or person holding public trust under MCL 750.478 stated that he "did willfully neglect to perform the duty to fully and honestly inform a legislative body, to wit: the Wayne County Building Authority, a duty enjoined upon him by State law and/or the Wayne County Charter and/or Wayne County Ordinances . . . " The indictment contained no other specifics.

Defendant argued in the district court that he was neither a public officer nor an employee, but rather an independent contractor, and therefore could not be subject to MCL 750.478; he also argued that the indictment insufficiently specified what criminal actions he "actually did," and he requested a bill of particulars. The district court agreed with defendant's first proposition and dismissed the indictment. On appeal, the circuit court reversed and reinstated the indictment, holding that the statute could apply to independent contractors, because independent contractors could hold a position of public trust. We granted defendant's delayed application for leave to appeal. The circuit court reviews a district court's decision to dismiss charges for an abuse of discretion, and we review the circuit court's determination on such a matter de novo. *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012). We likewise review de novo questions of statutory interpretation, including the constitutionality of statutes. *People v*

-1-

*Buehler*, 477 Mich 18, 23; 727 NW2d 127 (2007); *People v Douglas*, 295 Mich App 129, 134; 813 NW2d 337 (2011).

In *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012), this Court recited the governing standards of review and the controlling principles of statutory construction:

> This Court reviews for an abuse of discretion both a district court's decision to bind a defendant over for trial and a trial court's decision on a motion to quash an information. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. A trial court necessarily abuses its discretion when it makes an error of law. This Court reviews de novo questions of statutory construction.

> [The] Michigan Supreme Court [has] recited the well-established principles that govern our interpretation of a statute[, stating as follows]:

> "The overriding goal of statutory interpretation is to ascertain and give effect to the Legislature's intent. The touchstone of legislative intent is the statute's language. The words of a statute provide the most reliable indicator of the Legislature's intent and should be interpreted on the basis of their ordinary meaning and the overall context in which they are used. An undefined statutory word or phrase must be accorded its plain and ordinary meaning, unless the undefined word or phrase is a "term of art" with a unique legal meaning." [Citations and quotation marks omitted.]

The parties dispute the construction of various terms employed in MCL 750.478, which provides:

> When any duty is or shall be *enjoined by law* upon any public officer, or upon any person holding any public trust or employment, every willful neglect to perform such duty, where no special provision shall have been made for the punishment of such delinquency, constitutes a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00. [Emphasis added.]

For a conviction under this statute, the prosecution must establish (1) that the defendant was a public officer or "any person holding any public trust or employment," (2) that the defendant had a duty that is "enjoined by law," and (3) that the defendant willfully neglected to perform such duty. MCL 750.478; *People v Medlyn*, 215 Mich App 338, 340-341; 544 NW2d 759 (1996).

It is undisputed that defendant is not a "public officer," and we agree with the district court that defendant is an independent contractor rather than a public employee. Plaintiff offers at most a vague argument to the contrary, and we reject that argument as advocating the

complete dissolution of any distinction whatsoever between an employee and a contractor.[1]  The district court properly utilized the "economic reality" test, see *Buckley v Professional Plaza Clinic Corp*, 281 Mich App 224, 233-236; 761 NW2d 284 (2008), and determined, based on several provisions of defendant's contract with WCBA, that defendant was not a "person holding any public . . . employment" under the plain language of MCL 750.478.

The term "public trust" is not defined in the statute or elsewhere in the Michigan Penal Code and it is simply not necessary for us to address the issue of whether defendant was a person holding a public trust.

We instead focus on the question concerning whether he had a duty "enjoined by law" to communicate the pertinent financial information and situation to the county.  In the context of this case, interpretation of MCL 750.478 and the phrase "enjoined by law" requires examination of how broadly or narrowly to construe the word "law."  The prosecution's argument on appeal is ultimately premised solely on the underlying contract with respect to the establishment of a duty.  Essentially, the prosecution is contending that defendant's duty, for purposes of MCL 750.478, arose under the law of contracts.  We conclude that the prosecution's construction is much too broad, improperly exposing private contractors on governmental projects to criminal liability solely on the basis of breach of contract.

We believe that an analogy can be made to the law of mandamus.  A writ of mandamus can only be issued if a governmental employee or entity "had a clear legal duty to perform the [requested] act."  *Casco Twp v Secretary of State*, 472 Mich 566, 577; 701 NW2d 102 (2005).  And the legal duty cannot rest solely on a contractual obligation.  *Garner v Mich State Univ*, 185 Mich App 750, 763; 462 NW2d 832 (1990) ("Where the right or duty sought to be enforced rests *wholly* on contract, mandamus cannot issue to enforce it[.]"); *Warber v Moore*, 126 Mich App 770, 776; 337 NW2d 918 (1983) ("mandamus should not be available to compel public officers to perform a duty assumed by contract"); *Bd of Co Rd Comm'rs of the Co of Oakland v State Hwy Comm*, 79 Mich App 505, 512; 261 NW2d 329 (1977) ("We note first that mandamus will not be granted to compel public officers to perform a duty assumed by contract, unless mandated by statute.").  Indeed, in *Waterman-Waterbury Co v Sch Dist No 4 of Cato Twp*, 183 Mich 168, 174; 150 NW 104 (1914), our Supreme Court observed:

> The primary purpose of the writ of mandamus is to enforce *duties created by law*.  It is stated by text-writers, as a general principle, that the writ is not designed as a remedy for the collection of debts, and will not lie to enforce the private contracts of municipalities.  [Emphasis added.]

If a public officer, which is how the prosecution seeks to treat defendant, cannot be compelled in a mandamus action to perform a duty arising solely out of a contract, as it does not constitute a legal duty or a duty created by law, we fail to see how that same officer can be held

---

[1] Plaintiff would draw a distinction between "holding employment" and "being an employee" that we think to be untrue under the circumstances.

criminally liable under MCL 750.478 for failing to perform the contractual duty. We must distinguish the phrase "enjoined by law" from "enjoined by contract." A "contract" is not the "law." Rather, a "contract" is enforceable *under the law*. It is unnecessary to define the full reach or parameters of the word "law," as used in the phrase "enjoined by law" under MCL 750.478, but only to examine, given the limits of the prosecution's argument relying solely on contract, whether the word "law" encompasses a contractual obligation, which it does not.

The grand jury indictment in this case sets forth only a contractual duty. At oral argument, the prosecutor repeatedly contended that the only duty defendant allegedly violated is his contractual one. As a consequence, defendant has indisputably not been accused of violating any duty that could give rise to criminal liability under MCL 750.478. The district court correctly dismissed the indictment, and the circuit court erred in reversing.

It is therefore unnecessary for us to address whether the statute is unconstitutional or whether the grand jury indictment was insufficiently specific.

In sum, defendant is entitled to dismissal of the charge under MCL 750.478 and by way of this opinion, we dismiss the charge against defendant in this case.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Amy Ronayne Krause