SMITH v CRIME VICTIMS COMPENSATION BOARD

Docket No. 64698. Submitted October 7, 1983, at Detroit.—Decided November 22, 1983.

Elizabeth Smith was severely injured as a result of a gunshot wound. Approximately 11 months later, she filed a claim for benefits with the Crime Victims Compensation Board. The chairman of the board denied Smith's claim because it was not filed within 30 days, nor had good cause been shown for the 11-month delay. After a rehearing, the board affirmed the chairman's denial of benefits. Thereafter, Smith filed a complaint for superintending control in Wayne Circuit Court against the board. Smith later amended her complaint to a cause of action for mandamus. The court, Joseph B. Sullivan, J., denied the defendant's motion for summary judgment finding that, if the facts in the plaintiff's amended complaint were true, the court could grant the mandamus relief. The defendant appealed by leave granted. *Held:*

The final decision of the board was inadequate due to insufficient findings of fact and conclusions of law. Circuit courts have concurrent jurisdiction with the Court of Appeals over mandamus actions involving state officers. However, because mandamus is an extraordinary remedy, it may not be used if the party has an adequate alternative remedy. The Court of Appeals may grant leave to appeal a final decision of the Crime Victims Compensation Board, but such review is limited to the record. Here, because the board's decision was inadequate, the case should be remanded to the Crime Victims Compensation Board for a new opinion and the circuit court's order should be reversed and that case dismissed.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 472, 657, 662 *et seq.*

[2] 52 Am Jur 2d, Mandamus §§ 26, 44, 163.

[3] 2 Am Jur 2d, Administrative Law § 583 *et seq.*

What constitutes agency "action," "order," "decision," "final order," "final decision," or the like, within the meaning of federal statutes authorizing judicial review of administrative action—Supreme Court cases. 47 L Ed 2d 843.

[4] 2 Am Jur, Administrative Law § 764.

1. Administrative Law — Final Decisions.

   A final decision or order of an administrative agency in a contested case should be made within a reasonable period in writing or stated in the record and should include findings of fact and conclusions of law; findings of fact should be based exclusively on the evidence and on matters officially noticed (MCL 24.285; MSA 3.560[185]).

2. Mandamus — Circuit Courts — Jurisdiction.

   Circuit courts have concurrent jurisdiction with the Court of Appeals over state officers in mandamus actions; however, because mandamus is an extraordinary remedy, it may not be used if the party has an adequate alternative remedy.

3. Administrative Law — Judicial Review.

   Judicial review of a final determination of an administrative agency under the Administrative Procedures Act is limited to the record; an appeal of an agency decision must be brought on a complete and comprehensive record and an appellate court should not supplement gaps in the record by second-guessing.

4. Administrative Law — Appeal — Court Rules.

   The Court of Appeals has the power to remand a case in which an appeal was taken from a decision of an administrative agency back to that agency if the record is inadequate for review (GCR 1963, 806.7).

*Edick & Esper* (by *Robert E. Edick*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Donald E. Erickson,* Assistant Attorney General, for defendant.

Before: M. J. Kelly, P.J., and Hood and Shepherd, JJ.

Per Curiam. On April 16, 1982, the trial court denied defendant's motion for summary judgment. Defendant appeals by leave granted.

On December 24, 1977, plaintiff was shot and severely injured. About 11 months later, on November 13, 1978, she filed a claim with defendant.

Defendant immediately turned down the application ruling that it had not been filed within 30 days after the crime, nor had good cause been shown as required by MCL 18.355(2); MSA 3.372(5)(2).

On October 8, 1981, defendant granted a rehearing which was held on December 6, 1981. About two months later, however, in a two-page decision dated February 2, 1982, defendant's full board affirmed the former chairman's 1978 decision to deny benefits.

Subsequently, on March 5, 1982, plaintiff sued in circuit court for a writ of superintending control.[1] She alleged that the board's chairperson had originally told her that filing late would present no problem and that at the administrative hearing defendant had refused to allow her attorney to address the issue of whether there was good cause for filing late. Additionally, she alleged that defendant's opinion was inadequate.

MCL 24.285; MSA 3.560(185) states:

"A final decision or order of an agency in a contested case shall be made, within a reasonable period, in writing or stated in the record and shall include findings of fact and conclusions of law. Findings of fact shall be based exclusively on the evidence and on matters officially noticed. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting them. If a party submits proposed findings of fact which would control the decision or order, the decision or order shall include a ruling upon each proposed finding. Each conclusion of law shall be supported by authority or reasoned opinion. A decision or order shall not be made except upon consideration of the record as a whole or such portion thereof as may be cited by any party to the proceeding and as supported by and in

[1] Plaintiff later changed the request to a writ of mandamus.

accordance with the competent, material and substantial evidence."

Plaintiff alleges, and we agree, that defendant's opinion falls far short of these requirements. Plaintiff, therefore, argues that she may pursue her action in circuit court because she has no other adequate remedy at law.

Circuit courts have concurrent jurisdiction with the Court of Appeals over actions for mandamus involving state officers. *Waterford School Dist v State Bd of Ed,* 98 Mich App 658, 665-666; 296 NW2d 328 (1980), *lv den* 409 Mich 934 (1980). However, because mandamus is an extraordinary remedy, it may not be used if the party has an adequate alternative remedy. *Warber v Moore,* 126 Mich App 770; 337 NW2d 918 (1983).

A final decision of the Crime Victims Compensation Board is appealable under MCL 18.358; MSA 3.372(8) "by leave to appeal * * * in the court of appeals". The availability of an application for leave to appeal is an adequate remedy. *Moore v Ninth District Judge,* 69 Mich App 16; 244 NW2d 346 (1976), *lv den* 397 Mich 848 (1976).

Plaintiff presents a compelling argument why, despite being able to appeal to this Court by leave granted, she still lacks an adequate alternative remedy. Judicial review of a final agency determination under the Administrative Procedures Act is limited to the record. *Greenbriar Convalescent Center, Inc v Dep't of Public Health,* 108 Mich App 553, 562; 310 NW2d 812 (1981), *lv gtd* 412 Mich 870 (1981); *Human Rights Party v Michigan Corrections Comm,* 76 Mich App 204; 256 NW2d 439 (1977). An appeal must be brought before an appellate court on a complete and comprehensive record. *Kent v Bell,* 374 Mich 646; 132 NW2d 601 (1965). An appellate court is not to supplement

gaps in the record by second-guessing. *People v Semchena*, 7 Mich App 302, 311; 151 NW2d 895 (1967). If plaintiff had directly sought leave to appeal from defendant's decision, defendant could have moved to strike any presentations of fact or argument not included in the record. *Good v Modern Globe, Inc*, 346 Mich 602, 612; 78 NW2d 199 (1956).

However, despite these considerations, MCL 18.358; MSA 3.372(8) does provide an adequate alternative remedy. This Court has the power to remand a case back to an agency if the record is inadequate for review. GCR 1963, 806.7. Therefore, we are reversing the trial court's order and dismissing the case from circuit court.

On the other hand, we have decided that the best course in the present case is to remand to the Crime Victims Compensation Board and order it to write a new opinion complying with MCL 24.285; MSA 3.560(185). If plaintiff still feels aggrieved after the new opinion is written, she may appeal to this Court pursuant to MCL 18.358; MSA 3.372(8).

Reversed and remanded. We do not retain jurisdiction. No costs.