MICHIGAN ASSOCIATION OF RAILROAD PASSENGERS v
SOUTHEASTERN MICHIGAN TRANSPORTATION AUTHORITY

Docket No. 74560. Submitted October 9, 1984, at Detroit.—Decided
January 3, 1985.

The Michigan Association of Railroad Passengers brought an
action for mandamus in the Oakland Circuit Court against the
Southeastern Michigan Transportation Authority to require the
continuance of certain rail-commuter service. The court, Robert
L. Templin, J., issued an ex parte restraining order, which was
later dissolved. The complaint was dismissed with prejudice.
Plaintiff appealed. *Held:*

1. Courts do not have jurisdiction to enter ex parte tempo-
rary restraining orders against regional transportation authori-
ties requiring the continuance of service. The court properly
dissolved the temporary restraining order.

2. Mandamus does not lie against a regional transportation
authority to compel the continuance of service since there is no
legal duty to provide any particular service and the statutes
provide an adequate legal remedy.

3. The statute which abrogates equitable remedies to prevent
or suspend the operation of any order or rule of a regional
transportation authority does not unconstitutionally deny judi-
cial independence or constitute an unconstitutional delegation
of legislative authority.

Affirmed.

1. Mass Transportation — Courts — Equity — Regional Trans-
portation Authorities.

Courts do not have jurisdiction to enter ex parte temporary
restraining orders against regional transportation authorities
requiring the continuance of service (MCL 124.407; MSA
5.3475[107]).

References for Points in Headnotes
[1] 42 Am Jur 2d, Injunctions § 249.
[1, 3, 5] 64 Am Jur 2d, Public Utilities § 30.
[2, 3] 52 Am Jur 2d, Mandamus §§ 4, 5, 46 *et seq.*
[4] 20 Am Jur 2d, Courts §§ 21, 91, 105.
[4, 5] 73 Am Jur 2d, Statutes § 181.

2. MANDAMUS — EQUITY.

Mandamus ordinarily will not issue unless the defendant has a clear legal duty to act and the complainant has no other adequate remedy.

3. MASS TRANSPORTATION — MANDAMUS — REGIONAL TRANSPORTATION AUTHORITIES.

Mandamus does not lie against a regional transportation authority to compel the continuance of service since there is no legal duty to provide any particular service and the statutes provide an adequate legal remedy (MCL 124.407; MSA 5.3475[107]).

4. ACTIONS — REMEDIES — EQUITY — JURISDICTION.

The Legislature may divest a court of jurisdiction over certain actions provided that the divestiture is done under clear mandate of law; when fashioning a comprehensive statutory scheme, the Legislature has the power to foreclose certain traditional equitable remedies if it provides a plain, adequate, and complete remedy at law.

5. MASS TRANSPORTATION — CONSTITUTIONAL LAW — REGIONAL TRANSPORTATION AUTHORITIES.

The statute which abrogates equitable remedies to prevent or suspend the operation of any order or rule of a regional transporation authority does not unconstitutionally deny judicial independence or constitute an unconstitutional delegation of legislative authority (MCL 124.407; MSA 5.3475[107]).

*Sheldon L. Kay* and *Robert S. Rollinger,* for plaintiff.

*Walter H. Clements,* General Counsel, and *Deborah A. Thomas,* for defendant.

Before: V. J. BRENNAN, P.J., and T. M. BURNS and C. M. FORSTER,* JJ.

PER CURIAM. The Southeastern Michigan Transportation Authority (SEMTA) provided rail-commuter service between Pontiac and Detroit along the Woodward Avenue corridor. SEMTA decided to discontinue this service because it was too costly

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and gave public notice and held public hearings. After these hearings, it was decided that the rail-commuter service would be discontinued October 14, 1983. On that date, plaintiff, the Michigan Association of Railroad Passengers (MARP), a non-profit corporation which consists of approximately 250 members whose purpose is to promote rail-based transportation in Michigan, filed a complaint requesting mandamus, and an ex parte restraining order requiring SEMTA to continue the rail-commuter service. The trial court entered the ex parte restraining order and ordered SEMTA to show cause why mandamus should not be granted. At the show cause hearing, SEMTA persuaded the trial court that MARP was not entitled to the equitable relief requested, and the court dismissed MARP's complaint with prejudice. MARP appeals as of right.

We first consider whether the trial court properly dissolved the temporary restraining order. MCL 124.407; MSA 5.3475(107) states in pertinent part:

"The authority shall determine by itself exclusively, after appropriate public hearing, the transportation facilities to be operated by it, the services to be available to the public and the rates to be charged therefor. * * * Any person aggrieved by any rate or service or change of service fixed by the authority may bring an appeal against the authority in the proper court in any county in the metropolitan area in which the charge, service or change of service is applicable for the purpose of protesting against any such charge, service or change of service. The grounds for such appeals shall be restricted to an abuse of discretion or an error of law; otherwise, all such actions by the authority are final. * * * No cause of action shall exist on behalf of any person directly or indirectly, under which any court shall have jurisdiction or power to issue or grant any temporary or preliminary injunction or restraining or-

der to prevent or suspend the operation of any order or rule of the authority which fixes rates, fares, tolls, rents or other charges for the use of or which changes any services or the transportation facilities under the jurisdiction of the authority."

It is clear under this statute that the trial court did not have jurisdiction to enter the ex parte temporary restraining order against SEMTA. The trial court acted properly when it dissolved this order at the show cause hearing.

We next consider whether the trial court erred when it dismissed MARP's complaint for mandamus. MARP argues that a mandamus action is not precluded by MCL 124.407; MSA 5.3475(107), and therefore the trial court erred in dismissing its complaint without providing an opportunity for a show cause hearing. Mandamus ordinarily will not issue unless the defendant is under a clear legal duty to act and unless the plaintiff has no other adequate remedy. *Hill v State Highway Comm,* 382 Mich 398; 170 NW2d 18 (1969). SEMTA has no clear legal duty to provide rail-based transportation between Pontiac and Detroit. MCL 124.407; MSA 5.3475(107) grants SEMTA broad discretion to change its service routes. A writ of mandamus cannot be issued to direct or control a discretionary act. *Dearborn Fire Fighters Ass'n v City of Dearborn,* 323 Mich 414; 35 NW2d 366 (1949). MCL 124.407; MSA 5.3475(107) also provides an adequate remedy at law. Pursuant to this statute SEMTA is required to give public notice and hold public hearings before making a final decision to change its service. Any party aggrieved by SEMTA's decision can appeal to the circuit court. Since MARP has an adequate alternative remedy, the trial court properly dismissed its complaint for a writ of mandamus. *Smith v Crime Victims Com-*

*pensation Bd,* 130 Mich App 625; 344 NW2d 23 (1983).

We next consider whether MCL 124.407; MSA 5.3475(107) is constitutional. Plaintiff argues that MCL 124.407; MSA 5.3475(107) is unconstitutional because it constitutes a denial of judicial independence by divesting a court of jurisdiction from entertaining an action for injunctive relief and because it constitutes an unconstitutional delegation of a legislative authority. The Legislature may divest a court of jurisdiction over certain actions provided that the divestiture is done under clear mandate of law. *Romulus City Treasurer v Wayne County Drain Comm'r,* 413 Mich 728, 738; 322 NW2d 152 (1982). When fashioning a comprehensive statutory scheme, the Legislature has the power to foreclose certain traditional equitable remedies if it provides a plain, adequate, and complete remedy at law. *Eddy v Lee Twp,* 73 Mich 123, 129; 40 NW 792 (1888). As we previously noted, the statute provides for public notice and public hearings. The aggrieved party has the right to appeal to circuit court. While the statute precludes the use of equitable relief, it provides for a plain, adequate and complete remedy at law. The act also sufficiently defines the powers and duties which an authority may exercise. MCL 124.403, 124.406, 124.408; MSA 5.3475(103), 5.3475(106), 5.3475(108). While the statute grants broad discretion to SEMTA, the exigencies of modern government have led to judicial approval of the use of broad standards and liberal grants of discretion to administrative agencies. *State Highway Comm v Vanderkloot,* 43 Mich App 56; 204 NW2d 22 (1972).

The trial court did not err in finding that MARP is not entitled to equitable relief and that MCL 124.407; MSA 5.3475(107) is constitutional.

Affirmed.