LIGOURI v WYANDOTTE HOSPITAL AND MEDICAL CENTER

Docket No. 227245. Submitted March 12, 2002, at Detroit. Decided October 4, 2002, at 9:20 A.M.

Sharon Ligouri, as guardian and conservator for Elmira L. Miller, brought an action in the Wayne Circuit Court against Wyandotte Hospital and Medical Center, alleging premises liability relating to injuries sustained by Miller in a fall while hospitalized in the defendant's facility. The plaintiff moved for court-ordered discovery of written reports, investigations, or statements made concerning Miller's fall. The court, Kathleen I. MacDonald, J., granted the motion, rejecting the defendant's contention that, under MCL 333.20175(8) and 333.21515, the information in question was privileged and not subject to discovery. The court ruled that the statutory privilege can be invoked only in a medical malpractice action. The defendant appealed by leave granted.

The Court of Appeals *held*:

MCL 333.20175(8) and 333.21515 provide that records, data, and knowledge collected for or by individuals or committees assigned a peer review function in a health facility or agency are confidential, are not public records, and are not subject to court subpoena. The information for which compelled discovery was sought in this case was of the type protected from subpoena by the statutes, which do not provide that their protection is contingent on the type of claim asserted by the proponent of the subpoena.

Reversed and remanded for further proceedings.

RECORDS — HEALTH FACILITIES OR AGENCIES — PEER REVIEW — PRIVILEGE.

Records, data, and knowledge collected for or by individuals or committees assigned a peer review function in a health facility or agency are not subject to subpoena regardless of the type of action in which the information is sought by subpoena (MCL 333.20175[8], 333.21515).

*Powers, Chapman, DeAgostino, Meyers & Milia, P.C.* (by *Christopher J. Boyle*), for the plaintiff.

*Riley & Hurley, P.C.* (by *William C. Hurley*), for the defendant.

Before: WHITBECK, C.J., and WILDER and ZAHRA, JJ.

WILDER, J. Defendant appeals by leave granted the order of the Wayne Circuit Court requiring defendant to disclose to plaintiff investigative reports and related documents pertaining to injuries suffered by Elmira Louise Miller when she fell in her room at the defendant hospital. We reverse and remand.

## I. FACTS

Elmira Louise Miller was admitted to defendant hospital on August 21, 1998, with pneumonia in the lower left lung and possible pulmonary embolism, secondary to deep venous thrombosis. Miller's condition improved and she was given permission to get out of bed for bathroom privileges. On August 31, 1998, Miller sustained a head injury when she fell while on her way to the bathroom. There were no witnesses to the fall, and Miller reported to nurses that she had tripped on a cord. Shortly thereafter, Miller's family was informed of her fall and the family requested information from defendant with respect to how the fall had occurred. According to plaintiff, one of the doctors providing care to Miller stated that the hospital believed Miller had tripped on a fan cord.

Plaintiff subsequently filed this action against defendant, alleging negligence and breach of contract. Plaintiff's fourth amended complaint alleged that Miller fell when she tripped on a fan cord and that defendant had breached its duty both to maintain the premises in a safe condition and to provide a reason-

ably safe premises and to protect Miller from foreseeable injury. Defendant moved for summary disposition pursuant to MCR 2.116(C)(4), arguing that plaintiff had actually filed a claim for medical malpractice and had not complied with the presuit notification required by MCL 600.2912b.[1] The trial court denied defendant's motion, concluding that rather than an action for medical malpractice, plaintiff's claim was one for premises liability.[2]

During the course of discovery, plaintiff requested disclosure by defendant of any written reports, investigations, or statements made concerning the circumstances of Miller's fall. Defendant refused to disclose such information, asserting that under MCL 333.20175(8) and MCL 333.21515, the information was privileged and not subject to discovery. Plaintiff filed a motion to compel disclosure of the disputed information, and defendant asserted the statutory privilege in opposing the motion. In reply, plaintiff argued that the statutes were inapplicable because the statutory privilege applied only to medical malpractice claims. The trial court agreed that the statutory privilege applied only to malpractice claims, and found that, because this action was one for negligence rather

---

[1] MCL 600.2912b provides:

Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

[2] For reasons not apparent from the record, in response to defendant's motion, plaintiff did not refer to the breach of contract claim asserted in the fourth amended complaint. The trial court also did not refer to the breach of contract claim in denying defendant's motion. However, these omissions are not critical to our resolution of the case.

than malpractice, the statutory privilege did not apply. The trial court ordered defendant to disclose to plaintiff "any and all investigation reports and/or incident reports involving the trip and fall." Defendant sought leave to appeal the trial court's ruling, and this Court granted leave.

## II. STANDARD OF REVIEW

A trial court's grant of a motion to compel discovery is reviewed for abuse of discretion. *Michigan Millers Mut Ins Co v Bronson Plating Co*, 197 Mich App 482, 494; 496 NW2d 373 (1992). Whether production of the documents at issue is barred by statute is a matter of statutory interpretation, a question of law that we review de novo. *Dye v St John Hosp & Med Ctr*, 230 Mich App 661, 665; 584 NW2d 747 (1998).

## III. ANALYSIS

Defendant contends that the trial court abused its discretion in granting plaintiff's discovery request because the documents at issue are privileged from disclosure under MCL 333.20175(8) and MCL 333.21515. We agree. MCL 333.20175(8) provides: "The records, data, and knowledge collected for or by individuals or committees assigned a professional review function in a health facility or agency . . . are confidential, shall be used only for the purposes provided in this article, are not public records, and are not subject to court subpoena." MCL 333.21515 provides: "The records, data, and knowledge collected for or by individuals or committees assigned a review function described in this article are confidential and shall be used only for the purposes provided in this article,

shall not be public records, and shall not be available for court subpoena."

> When interpreting statutory language, our obligation is to discern the legislative intent that may reasonably be inferred from the words expressed in the statute. *Wickens v Oakwood Healthcare System*, 465 Mich 53; 631 NW2d 686 (2001). When the Legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself and there is no need for judicial construction; the proper role of a court is simply to apply the terms of the statute to the circumstances in a particular case. *Turner v Auto Club Ins Ass'n*, 448 Mich 22; 528 NW2d 681 (1995). In construing a statute, the words used by the Legislature must be given their common, ordinary meaning. MCL 8.3a. [*Veenstra v Washtenaw Country Club*, 466 Mich 155, 159-160; 645 NW2d 643 (2002).]

The statutes at issue here govern the confidentiality of records, reports, and other information collected or used by peer review committees in the furtherance of their duties and evidence the Legislature's intent to *fully* protect quality assurance/peer review records from discovery. *Dorris v Detroit Osteopathic Hosp*, 460 Mich 26, 40; 594 NW2d 455 (1999). The privilege afforded by statute may be invoked for records, data, and knowledge collected for or by an individual or committee assigned a review function. *Gallagher v Detroit-Macomb Hosp Ass'n*, 171 Mich App 761, 768; 431 NW2d 90 (1988).

We note that, contrary to plaintiff's assertion on appeal that the trial court determined the instant case did not involve issues of professional medical care and treatment, the trial court specifically found that the reports at issue in this case are the type of reports protected from subpoena under each of the

acts.[3] Because the trial court found that the reports are of the type protected from subpoena under the statutory provisions at issue, the trial court abused its discretion in ordering disclosure of the reports solely because it believed plaintiff's claim was one of negligence rather than malpractice. Nothing in the plain language of either statute makes protection of quality assurance or peer review reports from subpoena contingent on the type of claim asserted by the proponent of the subpoena, and the trial court erred by supplementing the unambiguous statutory language with this unstated condition.[4]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[3] Specifically, the trial court found that "if this were a legal [sic] malpractice case I would follow *Gallagher* [*v Detroit-Macomb Hospital Ass'n*, 171 Mich App 761; 431 NW2d 90 (1988)] and not allow these reports to be produced."

[4] In ordering disclosure, the trial court stated that "to deny the plaintiff these records would certainly affect their [sic] ability to pursue their [sic] case. So I'm going to order them produced." While production of the records may appear under these circumstances to be the equitable result, equity may not be invoked to avoid application of a statute. *Stokes v Millen Roofing Co*, 466 Mich 660, 671; 649 NW2d 371 (2002).