# STATE OF MICHIGAN

# COURT OF APPEALS

POTTERVILLE EDUCATION ASSOCIATION
MEA/NEA, MELISSA HOGAN, LISA
SCHELKE and BARBARA SHEPARD,

Plaintiffs-Appellants,

v

POTTERVILLE PUBLIC SCHOOLS BOARD OF
EDUCATION, and POTTERVILLE PUBLIC
SCHOOLS,

Defendants-Appellees.

UNPUBLISHED
August 18, 2015

No. 319880
Eaton Circuit Court
LC No. 12-001597-CL

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

Plaintiffs appeal as of right a trial court order granting summary disposition in favor of defendants. For the reasons set forth in this opinion, we affirm.

## I. FACTUAL BACKGROUND

In the fall semester of 2011, superintendent Timothy J. Donahue recommended that plaintiff-teachers Melissa Hogan, Lisa Schelke and Barbara Shepard should be terminated. Defendant Potterville Public Schools Board of Education (the Board), approved the recommendations and plaintiff-teachers were terminated effective January 23, 2012. Plaintiff-teachers were reinstated September 5, 2012.

Plaintiff-teachers and their respective unions initiated the instant action on November 21, 2012. They asserted that defendants violated the Revised School Code (RSC), MCL 380.1 *et seq.*, the Teacher Tenure Act, MCL 38.1 *et seq.*, and their right to due process under Article 1, § 17 of Michigan's 1963 Constitution. In regard to the RSC, plaintiffs argued that the school district failed to adhere to the evaluation standards set forth in MCL 380.1249 (§ 1249), thereby violating MCL 380.1248 (§ 1248) in failing to make staffing decisions consistent with the statute. Plaintiffs further argued that defendants violated their due process rights when failing to comply with the statutory provisions and their expired collective bargaining agreement. Plaintiffs requested injunctive and declaratory relief, to be made whole, costs, and attorney fees.

Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(1) (court lacks jurisdiction over person or property), (4) (court lacks subject matter jurisdiction), (5) (party asserting claim lacks legal capacity to sue), (7) (governmental immunity), (8) (failure to state a claim), and (10) (no genuine issue as to material fact).

The trial court initially granted partial summary disposition to defendants, and upon reconsideration, granted summary disposition regarding defendants' remaining claims. The trial court found that because plaintiffs had been reinstated, any claim under § 1248 was rendered moot as its only available remedy was achieved and money damages were not available. The trial court further found that § 1249 did not provide plaintiffs with a private cause of action. Lastly, the court found that the statute did not violate the separation of powers. This appeal ensued.

## II. ANALYSIS

We review de novo a trial court's ruling on a motion for summary disposition. *Casey v Auto Owners Ins Co*, 273 Mich App 388, 393; 729 NW2d 277 (2006). We also review de novo questions of statutory interpretation. *Adams Outdoor Advertising, Inc v City of Holland*, 463 Mich 675, 681; 625 NW2d 377 (2001). We review a grant of a motion for reconsideration for an abuse of discretion. *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012).

Plaintiffs first contend that the trial court erred in holding that there was no private cause of action under § 1249. This Court recently addressed this issue in *Summer v Southfield Board of Education*, __Mich App__; __NW2d__ (Docket No. 320680).

In *Summer*, this Court relied on *Garden City Ed Ass'n v Sch Dist of City of Garden City*, 975 F Supp 2d 780 (ED Mich, 2013), wherein the district court held that there was no private cause of action under § 1249. The *Summer* Court explained as follows:

> Although *Garden City Ed Ass'n* is not binding on this Court, we are persuaded by the district court's analysis. As observed by the *Garden City* court, it is evident that the Legislature provided a detailed enforcement scheme to ensure compliance with the Revised School Code, including compliance with § 1249. Notably, the plain language of § 1249 includes no reference to a private right of action. "[W]here a statute creates a new right or imposes a new duty unknown to the common law and provides a comprehensive administrative or other enforcement mechanism or otherwise entrusts the responsibility for upholding the law to a public officer, a private right of action will not be inferred." *Claire-Ann Co v Christenson & Christenson, Inc*, 223 Mich App 25, 30-31; 566 NW2d 4 (1997). Accordingly, given the extensive enforcement mechanisms already provided in the Revised School Code, we decline to infer a private right of action in MCL 380.1249 and conclude that the trial court properly determined that MCL 380.1249 does not establish a private cause of action under which plaintiff may bring the instant case. [*Summer*, __Mich App at__; slip op at 9.]

However, although the *Summer* Court held that there was no separate and distinct private cause of action under § 1249, the Court held that this did not foreclose a teacher from

challenging a school district's failure to adhere to the procedures set forth in § 1249 when that challenge was part of a claim brought under § 1248. *Id*. at 9-12. Reasoning that "the Legislature specifically intended to allow teachers to challenge layoff decisions that were based on performance evaluations that did not comply with the requirements under § 1249," *id*. at 12, this Court explained as follows:

> based on the specific language of § 1248 . . . the requirement that the school district must utilize a "performance evaluation system" in compliance with § 1249 as it evaluates teachers and makes layoff decisions is one of the requirements with regard to which a teacher may assert a private cause of action under § 1248(3). Accordingly, if a school district lays off a teacher because she is deemed ineffective, but the school district measured the teacher's effectiveness using a performance evaluation system that did not comply with § 1249 (e.g., if a school district failed to use a "rigorous, transparent, and fair performance evaluation system," MCL 380.1249(1)), or made a personnel decision that was not based on the factors delineated in MCL 380.1248(1)(b)( *i* )-( *iii* ), the teacher could assert a cause of action under § 1248(3) based on a violation of § 1248(1)(b). Such a claim is not identical to the "subterfuge" claim that existed under *Freiberg,* but it is analogous in that plaintiff may have a cause of action, even though the school evaluated plaintiff as "minimally effective" and laid her off due to her status as the lowest rated teacher, if her evaluation was based on an evaluation system other than that delineated in § 1249 or was based on an evaluation system that was not fair and transparent. MCL 380.1248(3). [Slip op. at 11.]

The *Summer* Court cautioned that claims alleging violations of § 1249 must be part and parcel to a plaintiff's claim "challenging a personnel determination" under § 1248, explaining:

> a plaintiff may not raise a claim under § 1248 based on a violation of an evaluation system under § 1249 *unless* he or she is specifically alleging that a school district's failure to comply with § 1249 resulted in a performance evaluation that was *not* actually based on his or her effectiveness and, most importantly, *that a personnel decision was made based on that noncompliant performance evaluation.* Stated differently, a cause of action under § 1248 should not be interpreted to include claims related to a school district's compliance with § 1249 in cases where the plaintiff is not challenging a personnel determination, as defined under § 1248(1). [Slip op. at 12.]

*Summer* is binding precedent on this Court. MCR 7.215(J)(1). Accordingly, in this case, the trial court properly held that, standing alone, there is no private cause of action upon which plaintiffs could commence this suit under § 1249. However, to the extent that the trial court held that plaintiffs could not state a claim under § 1248 to enforce the provisions of § 1249, the trial court erred as a matter of law. Nevertheless, a remand is not warranted in this case because, even assuming arguendo that plaintiffs stated a claim under § 1248 to enforce the provisions of § 1249, contrary to plaintiffs' argument in their second question presented, the Legislature has limited teachers' ability to recover to an order of reinstatement. See *Baumgartner v Perry Public Sch*, ___Mich App___; ___NW2d___(2015) (Docket No. 313945) (Slip op at 14), citing MCL

380.1248(3) (noting that the "sole and exclusive" remedy for teachers terminated in violation of § 1248 and § 1249 is reinstatement). Therefore, irrespective of whether limiting a teacher's remedy for wrongful termination is good public policy we must enforce this statute as it is written. Because all of the teacher-plaintiffs in this case were ultimately reinstated, they were not entitled to any further recovery on their § 1248 claim and dismissal was proper under MCR 2.116(C)(8). See *Taylor v Laban*, 241 Mich App 449, 458; 616 NW2d 229 (2000) (observing that "we will not reverse the [trial] court's order when the right result was reached for the wrong reason").

Next, plaintiffs contend that § 1248's limitation on the remedy available to terminated teachers violates the separation of powers clause of the state constitution.

We review constitutional issues de novo. *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 582; 640 NW2d 321 (2001). "Statutes are presumed to be constitutional, and we have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). Moreover, "[t]he party challenging the constitutionality of a statute has the burden of proving the invalidity of the law." *Zdrojewski v Murphy*, 254 Mich App 50, 75; 657 NW2d 721 (2002).

Plaintiffs contend that § 1248(3) violates the separation of powers clause in Article 3, § 2 of Michigan's 1963 Constitution because it infringes on the judiciary's right to fashion equitable relief.[1]

As noted above, pursuant to § 1248(3), a teacher who brings an action alleging a violation of § 1248 and § 1249 is limited to the "sole and exclusive remedy" of "reinstatement commencing 30 days after a decision by a court of competent jurisdiction." MCL 380.1248(3). The statute further specifies that the remedy under this section "shall not include lost wages, lost benefits, or any other economic damages." MCL 380.1248(3). While the Legislature may "foreclose certain traditional equitable remedies" in drafting a "comprehensive statutory scheme," the Legislature must nevertheless "provide[] a plain, adequate, and complete remedy at law." *Michigan Ass'n of R Passengers v Southeastern Mich Transp Auth*, 140 Mich App 111, 115; 362 NW2d 904 (1985). Plaintiffs contend that reinstatement alone is not an adequate and complete remedy because it did not make them whole as they could not recover the wages and benefits lost during wrongful layoffs.

The Legislature's decision to limiting a terminated teachers' ability to recover all of the damages they suffer following a wrongful termination is a question of public policy. The question therefore is not whether this statute represents good public policy, but whether the policy decision falls within the purview of the Legislature. See e.g. *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 589; 702 NW2d 539 (2005). Moreover, irrespective of the harshness of a

---

[1] Article 3, § 2 of Michigan's 1963 Constitution provides: "The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution."

legislative remedy, our Supreme Court has strictly limited courts' ability to invoke their equitable powers to invalidate legislation. See *id.*; *Stokes v Millen Roofing Co*, 466 Mich 660, 671-672; 649 NW2d 371 (2002).

In the instant case, the Legislature has provided that prospective reinstatement is the "sole and exclusive" remedy for actions brought pursuant to § 1248, and determined that the remedy "shall not include lost wages, lost benefits, or any other economic damages." MCL 380.1248(3). The statute is unambiguous and was validly enacted by the Legislature. Therefore, this Court may not declare it unconstitutional merely because it may be "undesirable, unfair, or unjust," *Zdrojewski v Murphy*, 254 Mich App 50, 75; 657 NW2d 721 (2002), and equity cannot be invoked simply to avoid the harsh and undesirable result of the statute's application, *Ligouri v Wyandotte Hosp and Med Ctr*, 253 Mich App 372, 377 n 4; 655 NW2d 592 (2002). In short, the Legislature acted within its authority to create substantive law that accorded with its policy decisions. Const 1963, art 3, § 2; *Devillers*, 473 Mich at 589. For these reasons, MCL 380.1248(3) is not an unconstitutional infringement on the power of the judiciary

In sum, although alleged violations of MCL 380.1249 may be brought as part of a plaintiff's claim under MCL 380.1248, in this case, the trial court did not err in dismissing plaintiffs' complaint because MCL 380.1248(3) limited plaintiffs' recovery to reinstatement and plaintiff-teachers do not dispute that they were ultimately reinstated. Accordingly, the trial court did not err granting defendants' motion for summary disposition.

Affirmed. No costs awarded. MCR 7.219(A). We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause
/s/ Michael J. Riordan